IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDREW BURKETT and | § | |
| DENISE BURKETT, both individually | § | |
| and on behalf of other similarly | § | |
| situated plaintiffs | § | PLAINTIFFS |
| | § | |
| v. | § | Civil No. 1:10CV68-HSO-JMR |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| BANK OF AMERICA CORPORATION, | § | |
| COUNTRYWIDE HOME LOANS, INC. | § | |
| d/b/a BANK OF AMERICA HOME | § | |
| LOANS, INC., and BAC HOME LOANS | § | |
| SERVICING, LP | § | DEFENDANTS |
| | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

BEFORE THE COURT is the Motion of Defendants, Bank of America, N.A., Bank of America Corporation, Countrywide Home Loans, Inc. d/b/a Bank of America Home Loans, Inc., and BAC Home Loans Servicing, LP ("Defendants"), to Dismiss [52] Plaintiffs' Amended Complaint [50], pursuant to FED. R. CIV. P. 12(b)(6). Plaintiffs filed a Response [58] in Opposition to Defendants' Motion to Dismiss, and Defendants filed a Reply [61]. After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendants' Motion [52] should be granted in part and denied in part.

I. FACTS AND PROCEDURAL HISTORY

Plaintiffs, individually and as representatives of others similarly situated, filed their Complaint on February 26, 2010, and Amended Complaint on October 19,

2010, asserting that Defendants, who owned or serviced Plaintiffs' mortgage loans,

> breached their federal statutory duties, those imposed by the Fannie Mae, the Treasury and *Servicer Participation Agreement*, and those duties imposed by Mississippi law by wrongfully, willfully, in bad faith and in reckless disregard for the aforementioned class of individuals' rights forced [sic] those persons into loan modification programs, converted [sic] funds to their own use, made [sic] material and false representations to those persons, and through fraud and in violation of those persons' rights, caused [sic] damages to those class of persons.

Am. Compl. [50] ¶¶ 1-2 (emphasis in original).

Plaintiffs allege violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, *et seq.*, the Home Ownership and Equity Protection Act (HOEPA), 15 U.S.C. § 1639, and the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq.*, and its implementing regulation, Regulation Z, 12 C.F.R. § 226.1, *et seq*. Plaintiffs also advance state law claims for negligence, gross negligence, breach of the duty of good faith, negligence *per se*, breach of duty to a third party beneficiary, unjust enrichment, conversion, breach of contract, breach of implied contract, bad faith breach of contract, bad faith breach of implied contract, fraud, and intentional misrepresentation. Plaintiffs seek relief by way of imposition of a constructive trust, specific performance, and an award of punitive damages. Defendants now move to dismiss Plaintiffs' Amended Complaint in its entirety, pursuant to FED. R. CIV. P. 12(b)(6) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## II. DISCUSSION

A.  Legal Standard

A motion to dismiss under FED. R. CIV. P. 12(b)(6) "is viewed with disfavor

and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). FED. R. CIV. P. 8(a) provides in relevant part that

> [a] pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Under FED. R. CIV. P. 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."*Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court's analysis is "generally confined to a review of the complaint and its proper attachments." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting *Twombly*, 550 U.S. at 556-57, 570).

B.  Real Estate Settlement Procedures Act (RESPA) Claims

Plaintiffs assert violations of RESPA, specifically 12 U.S.C. §§ 2605(g) and 2609. Defendants argue that Plaintiffs' Amended Complaint fails to plead facts sufficient state a claim as to section 2605(g), and that there is no private right of action under section 2609.

1.  12 U.S.C. § 2605(g)

Section 2605(g) governs the administration of escrow accounts and "requires that servicers who collect funds from borrowers in order to pay taxes, insurance premiums, and other charges make those payments in a timely manner so as to avoid penalties thereon." *Girgis v. Countrywide Home Loans, Inc.*, 733 F. Supp. 2d 835, 848 (N.D. Ohio 2010) (quoting *Kevelighan v. Trott & Trott, P.C.*, No. 09-12543, 2010 WL 2697120, at *4 (E.D. Mich. July 7, 2010)). Pursuant to section 2605(g), ". . . the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a timely manner as such payments become due." 12 U.S.C. § 2605(g).

According to Plaintiffs, Defendants violated this statute by failing to pay escrow payments as they became due. Am. Compl. ¶¶ 54, 81. Defendants argue that Plaintiffs' section 2605(g) claim cannot survive a FED. R. CIV. P. 12(b)(6) challenge since the Amended Complaint "does not contain a single factual allegation that Defendants failed to timely make any tax or insurance payment." Reply at p. 2; Mem. in Supp. of Mot. at p. 9. Defendants further assert that any alleged failure to timely pay escrow payments relates only to borrowers who are

members of the putative class, and does not pertain to any individual claim of the Burketts, the named Plaintiffs. *Id.*

While the Amended Complaint sets forth those factual averments related to the putative class separately from those specific to the Burketts, the Burketts incorporate by reference those facts alleged on behalf of the class, and make them applicable by reference to their own loan. Am. Compl. ¶ 58. Therefore, at least at this stage of the proceedings, the factual averment that Defendants "[f]ailed to make escrow payments as they became due," Am. Compl. ¶ 54, applies to the Burketts individually as well as to the class.

Plaintiffs' loan agreement is attached to the Amended Complaint and reflects that the funds in Plaintiffs' escrow account were to be used for payment of county taxes and hazard insurance. Loan Agreement, attached as Ex. "F" to Am. Compl. The Court is of the opinion that the Amended Complaint, taken together with the attached loan documents, provides "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1940 (quoting *Twombly*, 550 U.S. at 555); *see also Girgis*, 733 F. Supp. 2d at 848. Plaintiffs' section 2605(g) claim will not be dismissed at this juncture of the proceedings.

    2.    *12 U.S.C. § 2609*

Section 2609 of RESPA "governs when, what, and how much a servicer may collect from a borrower for deposit in an escrow account." *Kevelighan*, 771 F. Supp. 2d at 770. The parties do not dispute that section 2609 does not confer a private

-5-

right of action under the law of this Circuit. Pls.' Resp. at p. 10. They instead disagree over whether Plaintiffs may bring state law claims or claims pursuant to TILA for Defendants' alleged violations of section 2609. The narrow question before the Court, however, is whether Plaintiffs may assert a claim pursuant to section 2609. Because the law is clear that there exists no private right of action under this section, *State of La. v. Litton Mortg. Co.*, 50 F.3d 1298, 1301-02 (5th Cir. 1995), Plaintiffs' section 2609 claim should be dismissed.

C.      Home Ownership and Equity Protection Act (HOEPA) Claims

Plaintiffs assert a violation of HOEPA, codified at 15 U.S.C. § 1639. HOEPA "augmented TILA with additional disclosure obligations and substantive requirements for particular high-cost mortgages." *Norton-Griffiths v. Wells Fargo Home Mortgage*, No. 5:10cv169, 2011 WL 61609, at * 7 (D. Vt. Jan. 4, 2011) (quoting *Lancaster v. Countrywide Home Loans, Inc.*, No. 09-cv-12198, 2009 WL 2584736, at *7 (E.D. Mich. Aug. 19, 2009)). Such mortgages are defined at 15 U.S.C. § 1602(aa), which states, in relevant part, that:

> [a] mortgage referred to in this subsection means a consumer credit transaction that is secured by the consumer's principal dwelling, *other than a residential mortgage transaction*, a reverse mortgage transaction, or a transaction under an open end credit plan, if–
> (A) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity on the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; or
> (B) the total points and fees payable by the consumer at or before closing will exceed the greater of--
> (i) 8 percent of the total loan amount; or

    (ii) $400.

15 U.S.C. § 1602(aa)(1) (emphasis added).

  The Amended Complaint avers that Plaintiffs' loan was a "residential mortgage loan." Am. Compl. ¶ 59. Plaintiffs do not dispute that their mortgage is not of the type defined in section 1602(aa). Pls.' Resp. at p. 14. Instead, Plaintiffs argue, without supporting authority, that the statutory provisions upon which they base this claim, sections 1639(a)(2)(A) (requiring disclosures of annual percentage rate and monthly payment for credit transactions with a fixed rate of interest) and 1639(b)(2)(A) (requiring new disclosures if a creditor changes the terms of credit), are not constrained by the limitations set forth at section 1602(aa).

  However, other courts have concluded that HOEPA "only applies to loans that meet the requirements of 15 U.S.C. § 1602(aa)." *Yulaeva v. Greenpoint Mortgage Funding, Inc.*, No. S-09-1504, 2010 WL 5394859, at * 4 (E.D. Cal. Dec. 21, 2010). The Court finds persuasive the reasoning of those courts which have found that the disclosures required by sections 1639(a)(2)(B)[1] and 1639(b)(2)(A) are only required for mortgages as defined by section 1602(aa). *Norton-Griffiths*, 2011 WL 61609, at *6-7; *Yulaeva*, 2010 WL 5394859, at * 4 ; *In re West*, 420 B.R. 284, 286 n.4 (Bankr. W.D. Pa 2009). This would not include a residential mortgage like Plaintiffs'. Applying the definition found in section 1602(aa) here, Plaintiffs are

---

[1] While these courts have addressed the application of section 1602(aa) to disclosures under section 1639(a)(2)(B), the Court is of the opinion that disclosures under section 1639(a)(2)(A) would likewise be subject to the constraints of section 1602(aa).

unable to maintain a claim under HOEPA as theirs was a residential loan mortgage.  Am. Compl. ¶ 59.  Based upon the foregoing, Plaintiffs do not state a claim under HOEPA and this claim should be dismissed.

D.   Truth in Lending Act (TILA) Claims and Regulation Z

Plaintiffs assert violations of TILA, specifically: (1) 15 U.S.C. § 1639a, governing the duty of servicers of residential mortgages; (2) 15 U.S.C. § 1639d, governing escrow or impound accounts relating to certain consumer credit transactions; and, (3) 15 U.S.C. § 1639f, providing requirements for prompt crediting of home loan payments.  Am Compl. ¶ 81.  Plaintiffs further allege that Defendants violated Regulation Z, 12 C.F.R. § 226.36, which details prohibited acts or practices in connection with credit secured by a dwelling.  *Id*.  Defendants argue that these claims should be dismissed on grounds that: (1) there is no cause of action against servicers under TILA; (2) Plaintiffs have not pled facts entitling them to relief under sections 1639a and 1639d; and (3) sections 1639d and 1639f were recently implemented and cannot be applied retroactively to the facts giving rise to this lawsuit.  Mem. in Supp. of Defs.' Mot. at pp. 13-16.

Upon review of the law, the Amended Complaint, and the submissions of the parties, the Court is not persuaded that, at this stage of the proceedings, Defendants have met their FED. R. CIV. P. 12(b)(6) burden on these claims.  Plaintiffs' TILA and Regulation Z claims will not be dismissed.

E.   State Law Claims

Dismissal of Plaintiff's state law claims would also be premature at this time.

Plaintiffs advance claims for negligence, gross negligence, breach of the duty of good faith, negligence *per se*, breach of duty to a third party beneficiary, unjust enrichment, conversion, breach of contract, breach of implied contract, bad faith breach of contract, bad faith breach of implied contract, fraud, and intentional misrepresentation.  Having thoroughly reviewed the relevant pleadings and governing law, and having considered the parties' contentions, the Court is of the opinion that Plaintiffs have sufficiently alleged their state law claims against Defendants.  Plaintiffs have further satisfied the specificity requirements of FED. R. CIV. P. 9(b).  Defendants' Motion to Dismiss the Amended Complaint as to Plaintiffs' state law claims will therefore be denied.  Because Plaintiffs' state law claims remain, the Motion will also be denied to the extent it seeks dismissal of Plaintiffs' requests for imposition of a constructive trust, specific performance, and an award of punitive damages.

F.     Dismissal of Defendants other than BAC

Defendants seek dismissal of all Defendants other than BAC on grounds that Plaintiffs have not supplied any factual allegations that these other Defendants were involved in the alleged wrongful servicing activity related to Plaintiffs' loan. Mem. in Supp. of Defs.' Mot. at p. 25.  According to Defendants, the Amended Complaint alleges only that BAC was a subsidiary of the other Defendants.  *Id*. Based upon a review of the Amended Complaint, the Court finds dismissal of these Defendants is not appropriate at this time.  Defendants' Motion will be denied on this issue.

### III.  CONCLUSION

For the foregoing reasons, the Court concludes that Defendants' Motion to Dismiss should be granted in part and denied in part.  Defendants' Motion will be granted to the extent it seeks dismissal of Plaintiffs' RESPA claim made pursuant to 12 U.S.C. § 2609, and Plaintiffs' claim under HOEPA, 15 U.S.C. § 1639.  The Motion will be denied in all other respects.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Motion of Defendants, Bank of America, N.A., Bank of America Corporation, Countrywide Home Loans, Inc. d/b/a Bank of America Home Loans, Inc., and BAC Home Loans Servicing, LP ("Defendants"), to Dismiss [52] Plaintiffs' Amended Complaint [50], pursuant to FED. R. CIV. P. 12(b)(6), is **GRANTED IN PART AND DENIED IN PART.**  The Motion [52] is granted to the extent it seeks dismissal of Plaintiffs' RESPA claim made pursuant to 12 U.S.C. § 2609, and Plaintiffs' HOEPA claim.  The Motion is denied in all other respects.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiffs' claims made pursuant to 12 U.S.C. § 2609 of RESPA and 15 U.S.C. § 1639 (HOEPA), are dismissed with prejudice.

**SO ORDERED AND ADJUDGED**, this the 29th day of September, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE